IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE "TOM" NEMSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-0205-MJR |
| | ) | |
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS, LOCAL 399, | ) | |
| and CONOCOPHILLIPS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, George "Tom" Nemski, filed suit in this Court against Defendants, International Union of Operating Engineers, Local 399 (Local 399), and ConocoPhillips Company (Conoco), pursuant to § 301 of the National Labor Relations Act, 29 U.S.C. § 185 (2007) (§ 301).

Nemski, an employee of Conoco and member of Local 399, states that, on September 20, 2006, he was directed to submit to an alcohol testing procedure at the refinery where he worked as an operating engineer. Nemski contends that immediately prior to submitting to the alcohol testing procedure, he was exposed at work to certain chemicals and other materials or substances which could interfere with the accuracy of the result of the alcohol testing. He asserts that the testing showed a "false positive," indicating a blood alcohol level of .043 and .044, which figures, if reliable, would cause Nemski to be in violation of Conoco's substance abuse policy. On or about September 22, 2006, Nemski was informed that his employment with Conoco was terminated.

In Count I, Nemski claims that the Union breached its duty of fair representation by giving away the right to grieve or arbitrate a positive test result under the Conoco's substance abuse policy. In Count II, Nemski claims that, by terminating him without cause, Conoco breached its contract with him and breached the collective bargaining agreement (CBA). Nemski seeks monetary and injunctive relief

Conoco moves for summary judgment, asserting that it did not breach any contract with Nemski and that it merely applied the CBA when it terminated him.

Nemski responds that Conoco's motion is premature because it was filed before there was adequate time for discovery. More specifically, Nemski states that Conoco's motion is supported by the affidavits of Patricia Diener and Jay Hawley, whose depositions were scheduled to be taken nearly two months after the filing of Conoco's motion. Additionally, the motion was filed several months prior to the dispositive motion deadline.

The Court agrees with Nemski that Conoco's motion is premature. As the United States Supreme Court instructs, "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added); *see also Larkin v. Murphy,* 1993 WL 269365, 1 (7th Cir. 1993)(citations omitted)

("Before granting summary judgment, adequate time for discovery should be afforded to the nonmoving party in order to effectively oppose the motion."). Nemski has not been accorded adequate time for discovery and, accordingly, entry of summary judgment is inappropriate.

For this reason, the Court **DENIES** Conoco's motion for summary judgment (Doc. 22), without prejudice.

IT IS SO ORDERED.

DATED this 5th day of June, 2008

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge